Harold E. Cegielski by Dorothy P. Cegielski, his Guardian, and Dorothy P. Cegielski v. Commissioner.
Cegielski v. Commissioner
Docket No. 6415-66.
United States Tax Court
T.C. Memo 1968-169; 1968 Tax Ct. Memo LEXIS 128; 27 T.C.M. (CCH) 821; T.C.M. (RIA) 68169; August 5, 1968. Filed *128 Held, a husband, whose wife was appointed his legal guardian, did not prove that he suffered theft losses when his wife, acting as legal guardian pursuant to judicially granted authority, cashed bonds held in their joint names in order to pay the mortgage on their home and withdrew money from a bank account in his name. Also held, there is no evidence of other theft losses connected with the year in issue. Robert P. Burke, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency in petitioners' income tax of $333.20 for the year *129 1965. The only issue presented is whether petitioners are entitled to a deduction of $5,933.16 for theft losses. Findings of Fact All the facts have been stipulated, and the stipulation of facts, with the exhibits attached thereto, is incorporated herein. Petitioners, husband and wife, reside in Milwaukee, Wis. They filed a joint income tax return for 1965 with the district director of internal revenue at Milwaukee. The Marine National Exchange Bank of Milwaukee (hereinafter Marine Bank) filed a complaint against petitioners in May 1964 in the Circuit Court of Milwaukee County (hereinafter the Circuit Court) because of their default in the mortgage payments on their house. On June 1, 1964, the Circuit Court entered judgment for the Marine Bank for a total of $8,914.63 based upon the unpaid note and mortgage. The Circuit Court decreed that the mortgaged real estate could be sold at any time after six months to pay the judgment unless the judgment should be redeemed beforehand. On February 5, 1965, after the usual court proceedings, petitioner Dorothy was appointed the legal guardian of petitioner Harold because of his mental incompetency. She subsequently received letters *130 of guardianship authorizing her to manage Harold's estate. Dorothy is presently Harold's legal guardian. While her petition for the appointment of a guardian was pending, Dorothy filed another petition requesting leave to redeem $5,000 of United States Savings Bonds held jointly by Harold and Dorothy. The stated purpose of the request was to use the proceeds to prevent the public sale of their home and thereby protect Harold's and Dorothy's substantial equity in the real estate. In the meantime the foreclosure sale had been delayed by court order until February 22, 1965. At the hearing on February 5, 1965, during which Dorothy was appointed guardian, the county court granted her request to redeem the bonds. Subsequently, Dorothy, as legal guardian of Harold's estate, pursuant to applicable regulations of the United States Treasury Department, redeemed five $1,000 face value United States Series H Savings Bonds issued as of March 1963. The bonds were registered in the name of "Mr. Harold E. Cegielski or Mrs. Dorothy P. Cegielski." Dorothy paid the money received from the redemption of the bonds to the Marine Bank to satisfy the foreclosure judgment as previously authorized by the *131 court. Also acting as Harold's legal guardian, Dorothy, with the court's permission, withdrew $933.16 from a property tax reserve bank account in Harold's name at the Southgate National Bank in Milwaukee. The record does not indicate how this money was used. On their income tax return for 1965, petitioners deducted $5,000, representing the above savings bonds, and $933.16, representing the proceeds from the property tax reserve account, as theft losses. They did not claim deductions for any other theft losses. The Commissioner disallowed both claimed deductions. Opinion The record made by petitioners in this case contains many vague and confusing allegations and statements but little explanatory evidence. Petitioners allege that they sustained a loss by theft of the savings bonds because Harold was promised that he would be released from jail and from the Milwaukee County Mental Health Center upon his assignment and release of the bonds. They also allege that the disposition of the 822 $933.16 from the property tax reserve account was not authorized. Section 165, Internal Revenue Code of 1954, permits individuals to deduct losses over $100 resulting *132 from theft. [1]
Viewing "theft" broadly and in a manner favorable to petitioners, [2] we must conclude that the record before us presents no evidence of any criminal *133 appropriation or loss. The mere statement that a theft or fraud caused a loss is an inadequate basis on which to find that a theft, fraud or loss actually occurred. Moreover, petitioners must bear the burden of proof on such issues. Welch v. Helvering, 290 U.S. 111 (1933). We must uphold the Commissioner's determination because the stipulated facts show, first, that the bonds were legally redeemed and that the property tax reserve funds were legally withdrawn. Second, the evidence shows that the proceeds from the bonds were used to pay a judgment granted by the Circuit Court of Milwaukee County. Admittedly, we are unable to determine from the evidence what became of the proceeds from the property tax reserve account. However, in neither case is there any evidence of misappropriation. The petitioners have completely failed in *134 their burden of proof of the claimed theft losses. Petitioners have made additional statements apparently to the effect that some of their other property, including certain shares of stock and a car, has also been lost through theft. Some of their documentary evidence appears to relate to such property. Neither the nature of the evidence nor its relationship to any matter connected with the 1965 income tax return in issue here has been explained to this Court. The documents by themselves do not provide us with any useful information. Consequently, we are unable to find any facts or to express an opinion regarding these matters. Decision will be entered for the respondent. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. * * *↩
2. "Theft" may be defined as: a word of general and broad connotation, intended to cover and covering any criminal appropriation of another's property to the use of the taker, particularly including theft by swindling, false pretenses, and any other form of guile. * * * [Edwards v. Bromberg, 232 F. 2d 107, 110↩ (C.A. 1959).]